# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ARNOLDO NAVARETTE,

    Plaintiff,

v.                                                                                                     No. 18-cv-0057 WJ/SMV

CORIZON LLC, FNU WALDEN,
NORTHEASTERN NEW MEXICO
DETENTION FACILITY, and GEO GROUP,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO ALTER THE
## MAY 14, 2019 JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

THIS MATTER is before the Court on Plaintiff's Motion to Alter the May 14, 2019 Judgment Pursuant to Fed. R. Civ. P. 59(e) [Doc. 28], filed on June 11, 2019. The Motion is not well-taken and will be denied.

## Background

Proceeding pro se, Plaintiff filed his original Complaint against Defendants on January 17, 2018. [Doc. 1] at 1. However, attorney Jason Montclare entered an appearance on behalf of Plaintiff on August 14, 2018. [Doc. 17]. Shortly thereafter, on August 16, 2018, the magistrate judge, the Honorable Stephan M. Vidmar, issued an Order to Amend Complaint and for Service of Process. [Doc. 18]. Judge Vidmar found several deficiencies in the original pro se Complaint and gave Plaintiff 30 days to file an amended pleading with the benefit of his counsel. *Id.* at 1.

Further, Judge Vidmar explicitly ordered Plaintiff to address the issue of service of process. *Id.* at 2. He gave Plaintiff two options: one, serve Defendants himself, or two, request that the

Court effect service under 28 U.S.C. § 1915. *Id.* Judge Vidmar went on to specify that if Plaintiff wanted the Court effect service, he would be required to make a request in writing and to provide Defendants' addresses at the time Plaintiff filed his amended complaint. *Id.*

Plaintiff's counsel failed to timely respond to Judge Vidmar's Order to Amend Complaint and for Service of Process. The deadline was September 17, 2018, but Plaintiff's counsel filed nothing by that date. On September 18, however, one day late, Plaintiff's counsel moved for an extension of time (until October 17, 2018) to amend the Complaint. [Doc. 21]. The motion made no mention of service on Defendants. *Id.* Judge Vidmar granted the extension, [Doc. 22], and on October 17, 2018, Plaintiff filed his Amended Complaint, naming the same Defendants as were identified in the original Complaint. *Compare* [Doc. 23] (Amended Complaint), *with* [Doc. 1] (original Complaint). Plaintiff neither requested that the Court serve Defendants, nor provided their addresses, nor mentioned service when he amended his Complaint. *See* [Doc. 23].

More than six moths passed, during which time Plaintiff took no action on the record. On April 19, 2019, Judge Vidmar ordered Plaintiff to show cause no later than May 10, 2019, why the action should not be dismissed without prejudice for lack of service. [Doc. 24]. May 10 came and went, and Plaintiff failed to respond in any way. Accordingly, the Court dismissed the action without prejudice on May 14, 2019. [Doc. 25]. Within hours, Plaintiff filed his Motion for Relief from Order of Dismissal [Doc. 26] ("Rule 60(b) Motion").

<u>The Rule 60(b) Motion</u>

Citing Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff asked the Court for "relief from the Order of Dismissal," including 14 days to effect service of process *Id.* at 2. Plaintiff explained that Judge Vidmar's Order to Show Cause "inadvertently did not come

to the attention" of his counsel. *Id.* Next, counsel argued that "representation of . . . Plaintiff, and identification of . . . Defendants, [wa]s made difficult by . . . Plaintiff's acute mental illnesses and incarceration." *Id.* Finally, he argued that further time would allow the case to be decided on the merits and would not prejudice Defendants. *Id.* On those bases—and none other—counsel urged that his "neglect [should be deemed] excusable." *Id.* The Motion was denied. [Doc. 27].

This case had been dismissed for lack of service, but Plaintiff offered no explanation as to how the *lack of service* resulted from his counsel's overlooking the Order to Show Cause. Counsel explained why he failed to respond to the Order to Show Cause (he said it inadvertently did not come to his attention), but not why he failed to serve Defendants. He explained that there was difficulty in representation due to Plaintiff's illnesses and incarceration. However, that did not address why counsel failed to serve Defendants for more than six months after naming them in the Amended Complaint in October of 2018. Although the Court prefers to resolve cases on the merits, that factor is present in every case. Here, the Court found that Plaintiff had failed to overcome the "high hurdle" faced by movants under Rule 60(b). *Id.* at 3 (citing *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)). Plaintiff had failed to show the "exceptional circumstances" required for relief under the Rule. *Id.* (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990))). Accordingly, the Court denied Plaintiff's Rule 60(b) Motion. [Doc. 27].

## The Rule 59(e) Motion

Now, Plaintiff is trying again to undo the judgment. [Doc. 28]. He raises the same arguments he raised in his Rule 60(b) Motion, but this time, he relies on Rule 59. *Id.*

A court may reconsider a final decision under Rule 59(e) if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion is not intended to "allow a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier." *ACE USA v. Union Pac. R.R. Co.*, No. 09-2194-KHV, 2011 U.S. Dist. LEXIS 141228, 2011 WL 6097138, at *1 (D. Kan. Dec. 7, 2011) (unpublished). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.*

Here, Plaintiff's counsel attempts to explain that he failed to serve Defendants "due in substantial part to" Plaintiff's mental condition and incarceration in a remote location. [Doc. 28] at 2. He argues that the Court should not dismiss the case because the merits have not been reached. *Id.* at 3–4. Additionally, Plaintiff argues that Defendants would not be prejudiced by granting the relief requested. *Id.* at 4. These arguments were all raised previously in the Rule 60(b) Motion.

There is one new argument asserted in the Rule 59(e) motion. Plaintiff suggests that his claims may potentially be barred by the statute of limitations, and thus, dismissal could work a manifest injustice. In relevant part, he argues:

> [D]ue to the passage of time, [this] dismissal could be dispositive due to the statute of limitations. This being said, Mr. Navarette's confinement and mental challenges may ultimately serve to toll the statute of limitations. However, since the May 14, 2019 Order is potentially dispositive, Mr. Navarette must seek a reconsideration at this stage. Otherwise, the merits of his claims may never be reached[,] and a manifest injustice may occur.

[Doc. 28] at 3.

None of the arguments raised in the instant Rule 59(e) motion merits relief. First, these arguments either were or, in the instance of the statute-of-limitations argument, could have been raised previously. Thus, they are improper grounds for relief. Relief under Rule 59(e) should be denied on this ground alone. *See Servants of the Paraclete*, 204 F.3d at 1012; *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (2019).

Alternatively, the reasons provided by counsel fail to show manifest injustice, which is the sole Rule 59(e) ground on which Plaintiff relies.[1] [Doc. 28] at 3–4. "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" *Thymes v. Verizon Wireless, Inc.*, No. 16-cv-0066 KG/WPL, 2016 U.S. Dist. LEXIS 140345, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (unpublished) (quoting *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015); and then citing *In re Green Goblin, Inc.*, Bankr. No. 09-11239 ELF, 2012 WL 1971143, at *1 (Bankr. E.D. Pa. May 31, 2012) (unpublished) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.")).

Specifically, counsel still fails to explain why Plaintiff's mental conditions and/or remote location hindered counsel's efforts to serve Defendants. *See* [Doc. 28] at 2. After all, Defendants had been named in the Amended Complaint, which was filed in October of 2018. Counsel fails to

---

[1] The Rule 59(e) Motion fails to establish that relief is proper under *any* ground.

explain why his client's limitations posed any hindrance to counsel's ability to effect service of process. These circumstances do not amount to manifest injustice.

Even though the merits were not reached, and even if Defendants would not be prejudiced by granting Plaintiff relief (which the Court does not necessarily find), Plaintiff still fails to show that dismissal without prejudice amounts to manifest injustice.

As to the only "new" reason (alleged for the first time in the instant Rule 59(e) Motion), *id.* at 3–4, the Court is not persuaded. Plaintiff suggests that without relief from the Judgment in this case, his claims may potentially be barred by the statute of limitations. *Id.* It is important to appreciate that Plaintiff does not allege that he cannot bring another lawsuit due to the statute of limitations; he does not make that allegation. *See id.* Rather, he suggests that maybe, perhaps, a new lawsuit could potentially be barred. Plaintiff gives no dates, no time lines, and no frame of reference for his equivocal suggestion that his claims may potentially be barred by the statute of limitations. *See id.* Plaintiff fails to show that the potential for a limitations bar constitutes a manifest injustice. *See Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64–65 (D.D.C. 2015) (holding that a suggestion that a lawsuit dismissed without prejudice may potentially be barred by the statute of limitations failed to show "the level of manifest injustice necessary to amend the judgment pursuant to Rule 59(e)"). For these alternative reasons, the Rule 59(e) motion should be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Alter the May 14, 2019 Judgment Pursuant to Fed. R. Civ. P. 59(e) [Doc. 28] is **DENIED**.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**Chief United States District Judge**